IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

QUINYAHTA ROCHELLE,

        Defendant.

Criminal No. 18-323
Criminal No. 18-117
Criminal No. 17-277

ELECTRONICALLY FILED

**MEMORANDUM ORDER DENYING DEFENDANT QUINYAHTA ROCHELLE'S SECOND MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582 (Doc. 86 at Crim. No. 17-277, Doc. 46 at Crim. No. 18-117, Doc. 100 at Crim. No. 18-323)**

Pending before the Court is a filing by Defendant Quinyahta Rochelle, which this Court has construed as a second *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582 ("Defendant's Second Compassionate Release Motion"). (Doc. 86 at Crim. No. 17-277, Doc. 46 at Crim. No. 18-117, Doc. 100 at Crim. No. 18-323). Defendant currently is confined at FCI Hazelton SFF (secured female facility), and is projected to be released from Bureau of Prisons ("BOP") custody on October 2, 2028.[1]

I.    *Background*

   A.  *Crim. No. 17-277*

On October 10, 2017, Defendant was charged in a 1-count Indictment, with possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 3 at Crim. No. 17-277).

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited 05/10//2022).

On July 8, 2018, pursuant to a plea agreement, Defendant pleaded guilty to possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 47 at Crim. No. 17-277).

On December 17, 2018, Defendant was sentenced to 92 months imprisonment for her possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 7 at Crim. No. 17-277).

### B. Crim. No. 18-117

On April 30, 2018, Defendant was charged in a 5-count Information, with: (1) conspiracy, in violation of 18 U.S.C. § 371; (2) use of unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2); (3) wire fraud, in violation of 18 U.S.C. § 1343; (4) aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); and (5) accessing protected computers without authorization, in violation of 18 U.S.C. § 1030(a)(2). (Doc. 1 at Crim. No. 18-117).

On July 2, 2018, pursuant to a plea agreement, Defendant pleaded guilty to all five counts of the Information. (Doc. 8 at Crim. No. 18-117).

On December 17, 2018, Defendant was sentenced to: (1) 60 months for conspiracy, in violation of 18 U.S.C. § 371; (2) 92 months for use of unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2); (3) 92 months for wire fraud, in violation of 18 U.S.C. § 1343; (4) 24 months for aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); and (5) 12 months for accessing protected computers without authorization, in violation of 18 U.S.C. § 1030(a)(2). (Doc. 35 at Crim. No. 18-117). The sentences for the violations at Counts 1, 2, 3, and 5, were ordered to be served concurrently to each other, and to the 92 month sentence imposed at Crim.

No. 17-277. (*Id*.). The 24-month sentence, for the violation at Count 4, was ordered to be served consecutive to the sentences imposed at Counts 1, 2, 3, and 5. (*Id*.).

### C. Crim. No. 18-323

On November 28, 2018, Defendant was charged in a 2-count Indictment, with: (1) bank fraud, in violation of 18 U.S.C. § 1344; and (2) aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). (Doc. 10). This criminal conduct took place while Defendant was on bond with respect to her Crim. No. 17-277 and Crim. No. 18-227 cases.

On November 25, 2019, pursuant to a Rule 11(c)(1)(C) plea agreement, Defendant pleaded guilty to Count 2 of the Indictment. (Doc. 72).

On April 21, 2021, Defendant was sentenced to 24 months at Count 2 of the Indictment, to be served consecutive to the terms of imprisonment imposed at Crim. No. 17-277 and Crim. No. 18-117. (Doc. 94).

### D. Defendant's First Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582

On October 20, 2021, Defendant filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582. (Doc. 95 at Crim. No. 18-323).

On February 9, 2022, the Court denied Defendant's first Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582. (Doc. 85 at Crim. No. 17-277, Doc. 45 at Crim. No. 18-117, Doc. 99 at Crim. No. 18-323).

### E. Defendant's Pending Second Compassionate Release Motion

On March 3, 2022, Defendant filed her pending, Second Compassionate Release Motion. (Doc. 86 at Crim. No. 17-277, Doc. 46 at Crim. No. 18-117, Doc. 100 at Crim. No. 18-323).

On April 4, 2022, this Court ordered counsel appointed to review and undertake representation of Defendant pursuant to the Administrative Orders at Misc. Nos. 19-103 and

20-629.  (Doc. 88 at Crim. No. 17-277, Doc. 48 at Crim. No. 18-117, Doc. 101 at Crim. No. 18-323).  On April 12, 2022, appointed counsel filed a Notice, indicating that she would not be filing a counseled motion in further support of Defendant's Second Compassionate Release Motion. (Doc. 89 at Crim. No. 17-277, Doc. No. 50 at Crim. No. 18-117, Doc. 103 at Crim. No. 18-323).

On May 3, 2022 and May 5, 2022, the Government filed briefs in opposition to Defendant's Second Compassionate Release Motion.  (Doc. 91 at Crim. No. 17-277, Doc. 52 at Crim. No. 18-117, Doc. 106 at Crim. No. 18-323, Doc. 107 at Crim. No. 18-323).

Accordingly, Defendant's Second Compassionate Release Motion has been fully briefed, and is ripe for adjudication.

II.     *Standard of Review*

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007*); see also Dillon v. United States*, 560 U.S. 817, 819 (2010).  One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582.  As amended, that provision allows a court to modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  Additionally, the court must consider: (1) whether the defendant has exhausted the appropriate administrative remedies; (2) the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable; and (3) whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

As further explained by the United States Court of Appeals for the Third Circuit in *United States v. Badini*, 839 Fed. App'x 678 (3d Cir. Mar. 11, 2021):

> The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id*. § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," *id*. § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," *id*. § 3553(a)(2)(A)–(C).

*Badini,* 839 Fed. App'x. at 678-79.

In determining what should be considered an "extraordinary and compelling reason" for sentence reduction under Section 3582, the United States Sentencing Commission has defined the contours of the test, in relevant part, as follows:

1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.

    . . .

    (ii) The defendant is
        (I) suffering from a serious physical or medical condition,
        (II) suffering from a serious functional or cognitive impairment, or
        (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1. Notably, given the lack of an updated applicable Policy Statement defining "extraordinary and compelling," the Court of Appeals for the Third Circuit has held

that: "the existing policy statement is not applicable—and not binding—for courts considering prisoner-initiated motions" for compassionate release, but that "[t]he policy statement's descriptions of extraordinary and compelling circumstances can 'guide discretion without being conclusive'." *U.S. v. Andrews*, 12 F.4th 255, 259, 260 (3d Cir. 2021) (quoting *U.S. v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (citations and footnote omitted). Additionally, Congress has made clear that "rehabilitation ... alone shall not be considered an extraordinary and compelling reason" for a reduction in a defendant's sentence. 28 U.S.C. § 994(t).

It is the defendant who bears the burden of proof, by a preponderance of the evidence, with respect to a motion for compassionate release brought pursuant to Section 3582(c)(1)(A). *U.S. v. Grasha*, Crim. No. 18-325, 2020 WL 5647829, at *2 (W.D. Pa. Sept. 24, 2020) (citations omitted).

Finally, there is an administrative exhaustion requirement that must be met before a defendant may file a Section 3582(c)(1)(A) motion with the Court. As explained by the Court of Appeals for the Third Circuit in *U.S. v. Harris,* 812 Fed. App'x. 106 (3d Cir. 2020), Section 3582(c)(1)(A) "states that the defendant may file the motion [for compassionate release pursuant to Section 3582(c)(1)(A)] thirty days after the warden receives his request." *Harris,* 812 Fed. App'x. at 107.

### III. Discussion

#### A. Defendant Has Not Sufficiently Exhausted Her Administrative Remedies

Defendant did not attach to her Second Compassionate Relief Motion any evidence which supports that she exhausted her administrative remedies as required by Section 3582(c)(1)(A) with respect to her Second Compassionate Release Motion. As such, the Court finds that Defendant has not established that she exhausted her administrative remedies as

required by Section 3582(c)(1)(A) with respect to her Second Compassionate Release Motion, and therefore, Defendant's Second Compassionate Release Motion is denied for failure to exhaust administrative remedies.

### B. *Merits Analysis of Defendant's Motion for Compassionate Release*

Additionally, having reviewed the merits of Defendant's Second Compassionate Release Motion, the Motion will be denied because: (1) Defendant has not established an "extraordinary and compelling" reason for her 140-month term of imprisonment to be reduced to time served; and (2) upon consideration of the factors set forth in 18 U.S.C. § 3553, Defendant's early release would not be appropriate.

#### 1. *Defendant has not established an "extraordinary and compelling" reason to reduce Defendant's term of incarceration to time served*

First, Defendant has not established that any of the reasons she asserts in support of her Second Compassionate Release Motion constitutes an extraordinary and compelling reason for Defendant's sentence to be reduced to time served.

##### a. *Defendant's claimed need to care for her son*

The main argument in support of Defendant's Second Compassionate Release Motion is that she needs to be released to care for her son, whom Defendant asserts has been diagnosed as a Type 1 diabetic since her incarceration.

While this Court is sympathetic to Defendant's son being ill, Defendant has not sufficiently established that her need to care for her son is such that Defendant has established an "extraordinary and compelling" reason to reduce Defendant's term of incarceration under Section 3582(c)(1)(A).

In particular, first, the evidence of record supports that Defendant's son is an adult. In February-March 2020, when Defendant's Presentence Investigation Report was completed in her

7

Crim. No. 18-323 case, Defendant's son was listed as being 17 years of age and residing with Defendant's mother. (Doc. 77, ¶ 52). Accordingly, Defendant's son currently is approximately 19 years old, *i.e.*, an adult.

Second, Defendant has not submitted any evidence, let alone sufficient evidence, that establishes that her son currently is incapacitated, and Defendant is the sole caregiver available to care for him.

                b. *Defendant's claimed susceptibility to the coronavirus while incarcerated due to medical conditions*

Defendant also asserts that she is afraid of what would happen if she again contracts the coronavirus in prison in light of her asthma, sleep apnea, obesity, low iron, and lingering symptoms (no voice and pain in her bones) from when she had the coronavirus in fall/winter 2021,

Taking into consideration Defendant's medical conditions, both alleged and substantiated, Defendant's COVID-19 vaccination status, and the current conditions at FCI Hazelton, where Defendant is incarcerated, as explained in detail below, the Court finds that Defendant has not established that she suffers from any medical condition that, in light of her incarceration during the coronavirus pandemic, constitutes an "extraordinary and compelling" reason for her sentence to be reduced to time served.

Specifically, first, while Defendant asserts that she suffers from asthma, sleep apnea, obesity, low iron, and lingering symptoms (no voice and pain in her bones) from when she had the coronavirus in fall/winter 2021, other than with respect to Defendant being obese, which is supported by the statement in Defendant's final Presentence Investigation Report prepared on February 19, 2020, that Defendant is 5'3" tall and weighs 197 pounds, there is no evidence of record to support Defendant's claimed medical conditions.

8

Second, other than obesity, none of Defendant's other alleged conditions is a condition which the Centers for Disease Control and Prevention ("CDC") has found makes a person "more likely to get very sick from COVID-19."[2]

Third, Defendant is fully vaccinated against the coronavirus,[3] which mitigates the likelihood that Defendant will get very sick or die if she contracts the coronavirus. "COVID-19 vaccines available in the United States are effective at protecting people from getting seriously ill, being hospitalized, and even dying—especially people who are boosted." *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (updated May 6, 2022). Thus, as stated in the Court's Memorandum Order denying Plaintiff's first Motion for Compassionate Release, while the "COVID-19 situation is always-changing and . . . it is unclear how emerging COVID-19 variants will alter vaccine efficacy over time," as of now, the CDC indicates that the Defendant has significant protection against serious illness or death due to her vaccination. *U.S. v. Hannigan*, Crim. No. 19-373, 2021 WL 1599707, at *5 (E.D. Pa. April 22, 2021). *See also U.S. v. Singh*, 525 F.Supp.3d 543, 547 (M.D. Pa. 2021) (concluding, "[Defendant's] recent vaccination mitigates his risk from COVID-19 to such an extent that

---

[2] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated as of May 2, 2022). Currently, these conditions include: cancer, chronic kidney disease, chronic liver disease, chronic lung disease (including "Asthma, if it's moderate to severe"), cystic fibrosis, dementia or other neurological conditions, diabetes (type 1 or type 2), certain types of disabilities, heart conditions (including, "possibly high blood pressure (hypertension)"), HIV infection, immunocompromised condition or weakened immune system, mental health conditions, overweight and obesity, physical inactivity, pregnancy, sickle cell disease or thalassemia, smoking (current or former cigarette smoker), solid organ or blood stem cell transplant, stroke or cerebrovascular disease, substance use disorders, and tuberculosis.

[3] Defendant received her second dose of the Moderna COVID-19 vaccine on November 5, 2021. (Doc. 97-1 at 1). An individual is "fully vaccinated" two weeks after they have received the second Moderna vaccine. https://www.cdc.gov/coronavirus/2019-ncov/vaccines/stay-up-to-date.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fvaccines%2Ffully-vaccinated-guidance.html (updated May 6, 2022).

COVID-19, in combination with [Defendant's] underlying conditions, no longer presents an extraordinary and compelling reason to grant compassionate release.").

Fourth, the evidence supports that the BOP, at FCI Hazelton, currently is taking substantial steps to curb the spread of COVID-19 at the facility. As of the date of this Memorandum Order: (1) there are 0 inmates and 0 staff testing positive for the virus at FCI Hazelton;[4] (2) 3075 inmates and 560 staff at FCC Hazelton (of which FCI Hazelton is a part) have been fully vaccinated;[5] and (3) FCI Hazelton is operating at Operational Level 2,[6] which means that the medical isolation rate is 2% to less than 7%, or the facility's vaccination rate is 50% to less than 65%, or the community transmission rate is 50-99 per 100,000 persons over the last 7 days.[7] *See U.S. v. Somerville*, 463 F.Supp.3d 585, 597-98 (W.D. Pa. 2020) (explaining, "a prisoner seeking release due to COVID-19 must at least show . . . an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held").

> c. *Defendant's remaining arguments do not warrant compassionate release pursuant to 18 U.S.C. § 3582*

Moreover, to the extent that Defendant argues that her sentence, or the amount of time she has served on her sentence, has not been properly calculated, such challenges must be brought by way of a petition, pursuant to 28 U.S.C. § 2241, in the district in which Defendant is serving her sentence, which is not within the territorial boundaries of the United States District

---

[4] *See* https://www.bop.gov/coronavirus/ (last visited May 10, 2022).

[5] *Id.*

[6] *Id.*

[7] *See* https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited May 10, 2022).

Court for the Western District of Pennsylvania. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017); *Hasan v. Sniezek*, 379 Fed. App'x 232, 234 (3d Cir. 2010).

Further, to the extent that Defendant asserts that the Government unreasonably failed to take proper action with respect to any assistance Defendant provided the Government, Defendant has not provided any evidence in support of this contention, and to the contrary, Defendant was convicted at Crim. No. 18-323 of committing aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), while she was out on bond in Criminal Case Nos. 17-277 and 18-277.

> 2. *A sentence reduction in this case would not be consistent with the applicable factors set forth in 18 U.S.C. § 3553(a)*

Second, while the Court commends Defendant for taking and completing classes and working while incarcerated,[8] as previously held when this Court denied Defendant's first Motion for Compassionate Release, having reviewed the applicable Section 3553(a) factors, the Court finds that granting Defendant's request for a sentence reduction to time served is not appropriate at this time due to: (1) the nature and circumstances of Defendant's offenses;[9] (2) Defendant's criminal history;[10] (3) the need to protect the public from further crimes of Defendant;[11] and

---

[8] Defendant asserts that while incarcerated, she has completed 10 classes, is currently taking additional classes, and has worked as a food server for correction officers. (Doc. 86 at Crim. No. 17-277, Doc. 46 at Crim. No. 18-117, Doc. 100 at Crim. No. 18-323).

[9] As summarized above, Defendant currently is serving terms of imprisonment related to three different federal criminal cases. The Crim. No. 17-277 case is a firearms case. The Crim. No. 18-117 and Crim. No. 18-323 cases are fraud cases, and Defendant engaged in the criminal conduct underlying the Crim. No. 18-323 case while she was on bond for her Crim. No. 17-277 and Crim. No. 18-117 cases.

[10] Defendant has a lengthy criminal history. (Doc. 77). This is Defendant's fourth federal conviction, three of which have been fraud related. (*Id*.). Defendant also has prior state court convictions for theft by unlawful taking, possession with intent to distribute a controlled substance, simple assault, theft by deception, and identity theft. (*Id*.).

[11] In light of Defendant's numerous past fraud-related crimes, and her willingness to commit crimes while on bond, the Court is unconvinced that Defendant would not commit further crimes if released at this time.

(4) the need for the sentence imposed "to reflect the seriousness of the offense[s], to promote respect for the law, and to provide just punishment for the offense[s]."[12]  18 U.S.C. § 3553(a).

IV.    Conclusion

For all of the above stated reasons,  Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582 (Doc. 86 at Crim. No. 17-277, Doc. 46 at Doc. 18-117, Doc. 100 at Crim. No. 18-323) is DENIED.

SO ORDERED this 10th day of May, 2022.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All ECF Registered Counsel of Record

Quinyahta Rochelle
09039-068
SFF – Hazelton
P.O. Box 3000
Bruceton Mills, WV 26525

---

[12] To date, Defendant has served less than 50% of her 140-month sentence.